UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIMOTHY ERNLE,

                              Petitioner,

             -vs-                                        01-CV-477C(SR)

SHAWN AMBLOD, United States Probation Officer,
United States Probation Office, Western District of
New York,

                              Respondent.

---

APPEARANCES:        TIMOTHY ERNLE, Petitioner *Pro Se.*

                             KATHLEEN M. MEHLTRETTER, ACTING UNITED STATES ATTORNEY (GAIL Y. MITCHELL, Assistant United States Attorney, of Counsel), Buffalo, New York, for the Respondent.

## INTRODUCTION

On January 13, 2005, petitioner Timothy Ernle , *pro se,* filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). He seeks discharge from a sentence of imprisonment based on an alleged misrepresentation by the respondent in his previous habeas corpus proceeding (Item 28). On May 31, 2001, Ernle moved pursuant to 28 U.S.C. § 2241 to challenge his status as a parole violator (Item 1). In a Decision and Order dated January 13, 2003, this court dismissed the petition (Item 23). Ernle appealed, and the judgment was affirmed in a summary order of the Second Circuit filed October 8, 2003.

In a motion filed January 13, 2005, Ernle now moves for relief from the judgment pursuant to Rule 60(b). He argues that the respondent in the underlying proceeding made

a material misrepresentation to the court. Respondent filed a memorandum of law in response to the motion on February 28, 2005 (Item 30). The court deemed oral argument unnecessary. For the reasons that follow, the motion is denied.

## FACTS[1]

On April 29, 1981, this court sentenced Ernle to a prison term of nine years following his conviction for bank robbery (Item 23, p. 2). He was released on October 9, 1984 to parole supervision in the Southern District of New York. *Id.* On January 15, 1987, this court imposed a fifteen-year prison sentence for a subsequent bank robbery conviction. *Id.,* p. 3. Ernle's parole was revoked, he forfeited his time on parole, and his original nine-year sentence was to recommence upon his release, either by parole or mandatory release, from the 15-year sentence. *Id.* On April 14, 1995, the mandatory release[2] date of the fifteen-year sentence, Ernle began to serve the remainder of the nine-year sentence. *Id.*

On October 10, 1997, Ernle was released on parole to supervision in the Western District of New York (Item 23, p. 3). On January 5, 1999, a parole violation warrant was issued for Ernle on the basis of positive drug tests and an arrest for possession of both stolen property and burglary tools. *Id.,* pp. 3-4.

On March 29, 1999, Ernle pleaded guilty to attempted criminal possession of stolen

---

[1] The statement of facts regarding Ernle's criminal convictions and parole history is largely taken from the decision in the underlying habeas corpus proceeding (Item 23).

[2] A prisoner shall be mandatorily released by operation of law at the end of a sentence imposed by the court, less good time deductions. If so released, the prisoner is released as if on parole until the expiration of the maximum term or terms, minus 180 days. 28 C.F.R. § 2.35(a).

property in New York State Supreme Court, Erie County, and had received a 1½-to-3 year sentence (Item 23, p. 4). After Ernle served his state sentence, the U.S. Marshal's Service executed the parole violation warrant on January 3, 2001 and Ernle was transported to the Federal Correction Institution in Elkton, Ohio, to serve his parole violator sentence. *Id.* While in custody, Ernle filed the underlying habeas petition, arguing that the Parole Commission had let his fifteen-year sentence expire because the Commission had issued a 1999 parole violation referencing only the nine-year term. He further argued that as the nine-year term should have run concurrently with the fifteen-year term, both sentences had thus expired and he was entitled to release (Item 1).

On December 8, 2001, Ernle was again released to parole supervision in the Western District of New York (Item 23, p. 4; Item 30, Exh. A). On April 19, 2002, the Commission issued a violator warrant for Ernle's arrest (Item 30, Exh. B). This court issued its decision on the habeas petition on January 13, 2003 (Item 23). At that time, Ernle was in state custody. *Id.,* p. 4. The court determined that at the time the warrant was issued, Ernle was on mandatory release from the fifteen-year term and had been paroled on the nine-year term, effectively serving two concurrent terms of parole. I found that the multiple sentences were aggregated and treated as one for administrative purposes, and the parole violation warrant tolled the expiration of Ernle's entire sentence, comprised of both terms (Item 23, p.8). The Second Circuit affirmed this decision on October 8, 2003 (Item 30, Exh. H).

On September 21, 2004, the Commission revoked Ernle's parole, and continued him to a presumptive reparole on August 18, 2005 (Item 30, Exh. C). Ernle filed an administrative appeal of this decision on October 15, 2004. *Id.,* Exh. D. In a "Notice of

Action on Appeal" dated December 9, 2004, the National Appeals Board affirmed the Parole Commission's revocation decision. *Id.,* Exh. E. The Appeals Board stated that the Commission issued a parole violation warrant on January 15, 1999 "under the authority" of the nine-year term only and that the fifteen-year term had expired on December 19, 2000. *Id.*

In a "Corrected Notice of Action on Appeal" dated February 15, 2005, the Appeals Board stated that it was not aware of this court's decision or the Second Circuit's affirmance when it issued the original Notice of Action in December 2004 (Item 30, Exh. F). The Appeals Board stated that the January 1999 violator warrant was issued against both the fifteen-year and nine-year sentences, and that the administrative error in the first Notice of Action was harmless. *Id.* Ernle's presumptive parole date remained August 18, 2005, and his full term date of March 12, 2007 remained the same. *Id.*

## DISCUSSION

Rule 60(b) provides that the court may relieve a party from a final judgment or order for "fraud . . . misrepresentation, or other misconduct of an adverse party." Fed R. Civ. P. 60(b)(3). Ernle relies on the "Notice of Action on Appeal" of the National Appeals Board, dated December 9, 2004, in which the Board affirmed the previous decision of the Parole Commission revoking Ernle's parole, but stated that his fifteen-year sentence expired in 2000 and that the parole revocation related to his nine-year term only. Thus, Ernle argues that the respondent in the previous habeas proceeding materially misrepresented the facts of the case in stating that the violator warrant included both the fifteen-year and nine-year terms.

Prior to the Notice of Action of December 9, 2004, the Commission never took the position that the 1999 parole violator warrant did not relate to Ernle's fifteen-year sentence. In response to the habeas corpus petition, respondent argued that even though the Commission had failed to refer to the fifteen-year sentence in the 1999 warrant, the revocation included the fifteen-year term. This court agreed, and determined that the sentences were aggregated for administrative purposes as a matter of law (Item 23, p. 8). This court's decision was not based on the respondent's "misrepresentation" that the fifteen-year term had not expired, but was a legal determination, upheld on appeal, based on the sentencing and parole statutes and regulations. The Appeals Board's erroneous Notice of Action, later amended to comport with this court's and the Second Circuit's decisions, did nothing to change the legal determination that the 1999 warrant included both the fifteen- and nine-year sentences. Moreover, the Amended Notice of Action resulted in no prejudice to Ernle as his presumptive parole and full term dates remained the same. To the extent that Ernle seeks to reargue the merits of his earlier habeas corpus petition, it is an improper successive petition. *See* 28 U.S.C. § 2244(b)(1).

## CONCLUSION

Accordingly, the motion for relief pursuant to Rule 60(b) (Item 28) is denied.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: August   2  , 2005
p:\opinions\01-477.july2705